Kfir B. Levy (State Bar No. 235372)
*klevy@mayerbrown.com*
**MAYER BROWN LLP**
1999 K Street NW
Washington, DC 20006
Phone: 202.263.3000

Attorney for Plaintiff MAXELL, LTD.

H. James Abe (CA Bar. No. 265534)
*james.abe@alston.com*
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorney for Defendants ASUSTEK COMPUTER
INC. and ASUS COMPUTER INTERNATIONAL

*Additional counsel listed on signature pages*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAXELL, LTD.<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>ASUSTEK COMPUTER INC., AND ASUS COMPUTER INTERNATIONAL, INC.<br><br>　　　　　Defendants. | Case No. 2:17-cv-7528 R (MRWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Manuel L. Real<br><br>Complaint Filed: October 13, 2017 |

WHEREAS, Plaintiff Maxell, Ltd. ("Maxell") and Defendants ASUSTeK Computer, Inc. and ASUS Computer International, Inc. ( "ASUS") (collectively "the Parties" and each individually is a separate "Party") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").    Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."   The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.   For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.     Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - OUTSIDE

STIPULATED PROTECTIVE ORDER

COUNSELS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED –ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSEL'S EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE," individually and collectively.

request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 13 herein:

a. outside counsel of record in this Action for the Parties;

b. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c. up to and including two (2) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action provided that each such in-house counsel has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A;

d. up to and including three (3) designated employee representatives, including officers and directors, of each of the Parties to the extent reasonably necessary for the litigation of this Action provided that each such employee representative has agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A, provided further, that either party may in good faith request the other party's consent to designate one or more additional employee representatives and the other party shall not unreasonably withhold such consent; the requesting party may seek leave of

Court to designate such additional employee representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

e. outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant in order to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

f. independent litigation support services, including persons working for or as court reporters, translators, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

g.     mock jurors who have signed an agreement agreeing not to publicly disclose DESIGNATED MATERIAL and to keep any information concerning DESIGNATED MATERIAL confidential;

h.     any mediator who is assigned to hear this matter, and his or her staff, subject o their agreement to maintain confidentiality to the same degree as required by this Order; and

i.     the Court, jury, and the Court's personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSELS' EYES ONLY," or to the extent such Protected Material

includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9. For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated RESTRICTED – OUTSIDE COUNSELS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

11. For Protected Material designated RESTRICTED – CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

 a. Access to a Party's Source Code Material shall be provided to the receiving Party's outside counsel and/or experts in a secure room ("Source Code Review Room") and only on "stand-alone" computer(s) (that is, the computer on which all access ports have been disabled (except for the printer port) that may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet ("Source Code Computer"). The Source Code Computer may only be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 11(h and k) below. Further, the Source Code Computer shall be equipped with a reasonably current version of the Microsoft Windows operating system or, if the code was developed in a Linux environment, then a reasonably current version of Ubuntu. The receiving Party may use appropriate tool software for the type of Source Code on the Source Code Computer, which shall be installed by producing Party at

the receiving Party's request. Such appropriate software tools shall include without limitation Notepad++, dtSearch, UltraEdit, SciTools Understand, Meld, git, tortoise git, Cygwin, Python, enscript, and Adobe Reader as long as such software tools are not capable of executing or compiling source code and are provided by Maxell. The provided Source Code Computer shall be reasonably powerful, such that it operates the tool software in a reasonable amount of time, e.g., conduct a grep search of the provided code in a reasonable amount of time. The Source Code Computer shall be located in a reasonably comfortable office environment and be equipped with a 19" (diagonal measurement) or larger monitor running at its native resolution, as well as a keyboard and mouse. In addition, ASUS agrees, that Maxell, at its expense, may provide additional equipment including a monitor, keyboard, mouse, an additional computer which shall have a reasonably current version of the Microsoft Windows operating system and shall be equipped with at least 16 GB of RAM, and solid state drive(s) with free space equal to at least the greater of 100 GB, and after reasonable inspection by ASUS, Maxell shall have the ability to use this equipment to conduct source code review using this additional equipment with the same capabilities as with the equipment provided by ASUS. Additionally, except as provided in paragraph 11(k) below, the stand-alone computer(s) may only be located at the U.S. offices of the producing Party's outside counsel. No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room;

b. The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00

p.m.     However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.   The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c.     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

d.     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

e.     Access to Protected Material designated RESTRICTED – CONFIDENTIAL SOURCE CODE shall be limited to outside counsel, persons reasonably necessary under 5(f), and up to four (4) outside consultants or experts[2] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.   All persons who will review a producing Party's Source Code Material on behalf of a receiving Party, including members of a receiving Party's outside law firm, shall be identified in writing to the producing Party at least three (3)

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

Case No. 2:17-cv-7528 R (MRWx)

days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer. Proper identification requires showing, at a minimum, a passport or photo identification card sanctioned by the government of any State of the United States or by the government of the United States. The producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the receiving Party. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

f.      To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED – CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

g.      Except as set forth in paragraph 11(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

h.      The receiving Party's outside counsel and/or experts shall be entitled to take notes in the Source Code Review Room but may not copy the Source Code verbatim into such notes (except for small excerpts such as variable names and method names and parameters <u>as long as such small excerpts do not include four or more consecutive lines of source code</u>) and may not take such notes electronically on the Source Code Computer itself.

i.      The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material on a provided laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code Material.  The receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report and claim charts supporting infringement contentions).    Printed portions of a continuous block of Source Code for the accused product shall not exceed ten (10) pages unless otherwise agreed by the parties, whose reasonable request for agreement shall not be denied.  The receiving Party may print no more than 50 pages for each accused product for each accused patent, unless otherwise agreed by the Parties, whose reasonable request for agreement shall not be withheld.  The Parties agree to revisit the page limits to the extent that agreement is reached with respect to one or more representative products. The receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted, only when necessary to prepare court filings or pleadings or other papers (including a testifying

expert's expert report and claim charts supporting infringement contentions). Upon printing any such portions of Source Code, the printed pages shall be collected by the producing Party. The producing Party shall Bates and line number, copy, and clearly label as "RESTRICTED – CONFIDENTIAL SOURCE CODE" any pages printed by the receiving Party. The receiving Party shall maintain a log of all such files that are printed or photocopied. Within three (3) business days, the producing Party shall either (i) provide one copy set of such unobjected pages to the receiving Party or (ii) inform the requesting Party of its objection, if any, that the printed portions withheld are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the producing Party shall be entitled to file a Motion for Further Protection with the Court within five (5) days of the objection to resolve whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. Failure to file within this period requires immediate production of the disputed material. The burden shall be on the producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose and printed primarily for the purposes of review and analysis elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer. The printed pages shall constitute part of the Source Code produced by the producing Party in each action, all of which shall be designated and clearly labeled "RESTRICTED – CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

j.      The receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code

received from a producing Party pursuant to Paragraph 11(i) not including copies attached to court filings or used at depositions;

k.     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  At least forty-eight (48) hours before the date of deposition, the receiving Party shall notify the producing Party about the specific portions of Source Code it wishes to use at the deposition, and the producing Party shall bring printed copies of those portions to the deposition for use by the receiving Party, with the understanding that for deposition outside of the United States the Parties will work in good faith to provide sufficient notice such that the Source Code Material can transported or made available at the location of the deposition.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All papers copies of Source Code brought to the deposition shall remain with the producing Party's outside counsel for secure destruction in a timely manner following the deposition or proceeding.  The receiving Party may also temporarily keep the printouts or photocopies at the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); and (ii) one attorney working copy at the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s) and any intermediate location reasonably necessary to transport the working copy (e.g., a hotel prior to a Court proceeding or deposition); and,

l.     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Except as provided in this sub-paragraph, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Party shall make such a filing while protecting the confidentiality of the Source Code.  If such filing requires a certificate of conference pursuant to Local Rule 7(i), the filing Party shall disclose to the producing Party during the conference the amount of the Source Code to be included with the filing.  Following any filing, the filing Party shall disclose to the producing Party the entirety of any Source Code that was imaged within two days subsequent to the filing.  If a producing Party agrees to produce an electronic copy of all or any portion of its Source Code, access to the receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly

-13-

Case No. 2:17-cv-7528 R (MRWx)

STIPULATED PROTECTIVE ORDER

authorized to view Source Code under the provisions of this Order. Additionally, any such electronic copies must be labeled "RESTRICTED – CONFIDENTIAL SOURCE CODE" as provided for in this Order.

12. Absent the written consent of the producing Party, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY, RESTRICTED – OUTSIDE COUNSELS' EYES ONLY, and/or RESTRICTED – CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit. For sake of clarity, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's HIGHLY SENSITIVE MATERIAL, may participate, supervise and assist in any and all proceedings before the U.S. Patent and Trademark Office related to the Party's patents-in-suit, including without limitation Inter Partes Review (IPR) proceedings, even if they have received the other Party's HIGHLY SENSITIVE MATERIAL, provided that they do not

participate or assist in any claim drafting or amendment of claims in such proceedings.

13.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.  If any one of Defendants in this litigation provides DESIGNATED MATERIAL to Plaintiff, Plaintiff shall not share that material with the other Defendant or with the experts or consultants of the other Defendant in this litigation, absent express written permission from the producing Defendant.

15.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (a) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (b) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (c) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (d) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (e) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (f) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (g) court reporters and videographers; (h) the Court; or (i) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.  Counsel for any producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), and translators, any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

16.    Parties may, at a deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEY' EYES ONLY," "RESTRICTED – OUTSIDE COUNSELS' EYES

ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements

of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED – OUTSIDE COUNSELS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the

Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Date: January 30, 2018                    Respectfully submitted,


/s/ David M. Stein
Jamie B. Beaber (*Pro Hac Vice*)
*jbeaber@mayerbrown.com*
Kfir B. Levy (State Bar No. 235372)
*klevy@mayerbrown.com*
James A. Fussell, III (*Pro Hac Vice*)
*jfussell@mayerbrown.com*
Tiffany A. Miller (*Pro Hac Vice*)
*tmiller@mayerbrown.com*
Alison T. Gelsleichter (*Pro Hac Vice*)
*agelsleichter@mayerbrown.com*
Saqib J. Siddiqui (*Pro Hac Vice*)
*ssiddiqui@mayerbrown.com*
**MAYER BROWN LLP**
1999 K Street NW
Washington, DC 20006
Phone: 202.263.3000

Amanda Streff Bonner (*Pro Hac Vice*)
*asbonner@mayerbrown.com*
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Phone: 312.782.0600

David M. Stein, State Bar No. 198256
*dstein@ggtriallaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Phone: 949.383.2800

Attorneys for Plaintiff MAXELL, LTD.

/s/ Michael J. Newton
Michael J. Newton (CA Bar No. 156225)
*mike.newton@alston.com*
**ALSTON & BIRD LLP**
2828 N Harwood St. Ste. 1800
Dallas, TX 75201
Phone: 214.922.3400

-20-                    Case No. 2:17-cv-7528 R (MRWx)

H. James Abe (CA Bar. No. 265534)
*james.abe@alston.com*
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorneys for Defendants ASUSTEK
COMPUTER INC. and ASUS COMPUTER
INTERNATIONAL

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves the Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: _____February 6___, 2018

_____

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Kfir B. Levy (State Bar No. 235372)
*klevy@mayerbrown.com*
**MAYER BROWN LLP**
1999 K Street NW
Washington, DC 20006
Phone: 202.263.3000

Attorney for Plaintiff MAXELL, LTD.

H. James Abe (CA Bar. No. 265534)
*james.abe@alston.com*
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:   (213) 576-1000
Facsimile:    (213) 576-1100

Attorney for Defendants ASUSTEK COMPUTER
INC. and ASUS COMPUTER INTERNATIONAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MAXELL, LTD. | Case No. 2:17-cv-7528 R (MRWx) |
| Plaintiff, | **APPENDIX A** |
| v. | Hon.  Manuel L. Real |
| ASUSTEK COMPUTER INC., AND ASUS COMPUTER INTERNATIONAL, INC. | Complaint Filed: October 13, 2017 |
| Defendants. | |

# APPENDIX A
## UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____, declare that:

1. My address is

_____.

My current employer is

_____.

My current occupation is

_____.

2. I have received a copy of the Protective Order governing the Actions. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the actions any information designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED – CONFIDENTIAL SOURCE CODE," that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE COUNSELS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

**For Experts or Consultants Only:**

I have attached hereto a list disclosing (1) all parties who retained the expert for all current engagements, consulting or otherwise; (2) all parties who retained the expert for the last four years of testifying engagements; and (3) whether the expert has ever been retained by the other party in the Action.

     I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____